MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff Kim Miller

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KIM MILLER, AN INDIVIDUAL;<br><br>Plaintiff,<br><br>vs.<br><br>BRIDGES CONSTRUCTION, A CALIFORNIA CORPORATION; DOUGLAS K. BRIDGES, AN INDIVIDUAL; JONATHON BRIDGES, AN INDIVIDUAL; ,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KIM MILLER, alleges:

## JURISDICTION

1. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check

stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## **VENUE**

3. This Court is the proper court and this action is properly filed in the County of Lake and in this judicial district because Defendants do business in the County of Lake, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Lake is the subject of this action.

## **PARTIES**

4. Plaintiff KIM MILLER ("MILLER") was employed by Defendants from May 1, 2016 through January 5, 2017.

5. Defendant BRIDGES CONSTRUCTION ("BC") is a California Corporation doing business in the County of Lake, State of California.

6. Defendant DOUGLAS K. BRIDGES ("DOUGLAS") is an Individual doing business in the County of Lake, State of California.

7. Defendant JONATHON BRIDGES ("JONATHON") is an Individual doing business in the County of Lake, State of California.

## **GENERAL ALLEGATIONS**

8. BC is a construction contracting firm.
9. MILLER worked for BC performing construction work.
10. BC would pay MILLER as a "1099" or independent contractor.
11. BC would create invoices for MILLER and pay those invoices rather than providing pay checks.
12. BC would only pay overtime after 10 hours in a day.
13. On 8/2/2016, MILLER worked 10 hours but was not paid overtime.

14. For the week starting 8/8/2016, MILLER worked 48 hours in the week but was only paid for 1 hour of overtime.

15. MILLER would have $150 per week deducted from his pay to cover business expenses.

16. DOUGLAS is the owner of BC and makes decisions relating to the payment of wages.

17. JONATHON is the general manager for BC and controlled MILLER'S day-to-day job duties and gave MILLER instructions.

18. BC required MILLER to work through his meal and rest breaks and perform work related duties during these breaks.

19. MILLER was not provided a weekly paycheck stub. Instead, BC would create an invoice and make it look like MILLER had created it. MILLER never created any of the invoices. BC was creating the invoices because it knew that MILLER was an employee and BC was trying to save money on taxes, workers compensation, and wages.

20. MILLER has been unable to verify his pay and was not able to properly compute his wages. For instance, BC was deducting $150 a week from MILLER and MILLER could not figure out what the deduction was for nor how much he was paid for the hours that he worked.

21. MILLER was not provided paycheck stubs that show the hours that he worked and he has not been able to verify that the hours were paid correctly. He does not have sufficient records to determine all of his damages at this point in time because BC has the records of his hours worked and has refused to give them to MILLER.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST BC )

-3-
COMPLAINT FOR LABOR VIOLATIONS

22. Plaintiff refers to and incorporates by reference Paragraphs 1 through 21.

23. This cause of action is brought against BC.

24. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

25. Plaintiff worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

26. Plaintiff was entitled to the above overtime premiums.

27. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

28. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

29. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

30. Plaintiff MILLER worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

31. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

32. As a proximate result of Defendants' violations, Plaintiff MILLER has been damaged in an amount in excess of $5,000 and subject to proof at time of trial.

33. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff MILLER is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512
## (AGAINST BC )

34. Plaintiff refers to and incorporate by reference Paragraphs 1 through 33.

35. This cause of action is brought against BC .

36. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

37. Defendants failed to provide Plaintiff a meal period for numerous days worked.

38. Defendants know or should know the dates for each missed meal period as well as the damages due.

39. Defendants failed to provide Plaintiff at least one meal period within the three (3) years prior to filing this lawsuit.

40. Pursuant to Labor Code § 226.7 and California Code of Regulations, Title 8, § 11040, Plaintiff MILLER is entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

41. Plaintiff MILLER prays for damages for missed meals in an amount subject to proof at time of trial but in excess of $5,000.

## THIRD CAUSE OF ACTION
## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226
## (AGAINST BC )

42. Plaintiff refers to and incorporate by reference Paragraphs 1 through 41.

43. This cause of action is brought against BC .

44. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

45. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

46. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

47. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

48. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount of $4,0000 and subject to proof at trial plus costs and attorney fees.

## FOURTH CAUSE OF ACTION
## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203
## (AGAINST BC )

49. Plaintiff refers to and incorporates by reference Paragraphs 1 through 48.

50. This cause of action is brought against BC .

51. Plaintiff's employment with Defendants was terminated on January 5, 2017.

52. Defendants willfully refused and continue to refuse to pay Plaintiff MILLER unpaid wages as required by Labor Code § 203. Defendants know that the pay is due and are refusing to pay it.

53. Plaintiff MILLER requests damages and penalties as provided by Labor Code § 203 in the amount of $8,100 and subject to proof at time of trial.

## FIFTH CAUSE OF ACTION
## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207
## and § 216 (AGAINST ALL DEFENDANTS)

54. Plaintiff refers to and incorporates by reference Paragraphs 1 through 53.

55. This cause of action is against all Defendants, jointly and individually.

56. Plaintiff is informed and believes and hereon alleges that Defendants are

subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

57. Plaintiff worked numerous weeks in excess of forty (40) hours.

58. Plaintiff was entitled to the above overtime premiums.

59. Defendants failed to compensate Plaintiff for any overtime premiums.

60. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

61. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

62. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

63. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

64. Defendant BC was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

65. Defendant BC was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

66. Defendant BC conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

67. Defendant BC employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate

commerce.

68. Defendant DOUGLAS was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. DOUGLAS was a corporate officer and/or agent of BC. DOUGLAS acted both directly and indirectly in the interest of BC, as it related to Plaintiff's employment and payment of wages.

69. Defendant JONATHON was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. JONATHON was a corporate officer and/or agent of BC. JONATHON acted both directly and indirectly in the interest of BC, as it related to Plaintiff's employment and payment of wages.

70. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

71. Plaintiff prays for judgment for overtime pay of $5,000.

72. Plaintiff prays for judgment for liquidated damages in the amount of $5,000. This amount is supplemental to the relief requested in all other causes of action.

73. Plaintiff prays for costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

### (AGAINST BC )

74. Plaintiff refers to and incorporates by reference Paragraphs 1 through 73.

75. This cause of action is brought against BC .

76. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

77. By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

78. Plaintiff MILLER prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SEVENTH CAUSE OF ACTION
## FAILURE TO PROVIDE PAY RECORDS
## (AGAINST BC )

79. Plaintiff refers to and incorporates by reference Paragraphs 1 through 78.

80. This cause of action is brought against BC .

81. Pursuant to Labor Code § 226, employers must provide employees an opportunity to inspect or copy records upon request.

82. Plaintiff requested his pay records in accordance with Labor Code § 226 on January 5, 2017.

83. Plaintiff again requested his records on January 6, 2017 by speaking with Julie who worked for BC.

84. Plaintiff requested his records again on January 15, 2017 by asking JONATHON. JONATHON responded that BC would not provide the records.

85. Defendants have failed to provide Plaintiff with an opportunity to inspect or copy his records within 21 days.

86. Pursuant to Labor Code § 226, Plaintiff prays for judgment against Defendants in the amount of $750, costs and attorney fees.

87. Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring Defendants to provide Plaintiff with all pay records under Labor Code § 226.

## EIGHTH CAUSE OF ACTION
## FAILURE TO INDEMNIFY EMPLOYEES UNDER LABOR CODE SECTION 2802
## (AGAINST BC )

88. Plaintiff refers to and incorporates by reference Paragraphs 1 through 87.

89. This cause of action is brought against BC .

90. Plaintiff incurred reasonable and necessary business expenses during his employment with Defendants.

91. Plaintiff was not properly reimbursed for all reasonable and necessary business

expenses and thus incurred a loss as a direct consequence of the discharge of his duties.

92. Defendants are required to indemnify Plaintiff against all losses and expenses incurred in the discharge of his duties or in response to his employer's orders, as provided in Cal. Lab. Code § 2802.

93. Plaintiff prays for reimbursement for all losses and expense under this Cause of Action in an amount subject to proof at time of trial, reasonable costs, interest, and attorney fees.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff MILLER in an amount in excess of $5,000 and subject to proof at trial.
2. For liquidated damages in the amount in excess of $5,000 and subject to proof at trial.
3. Damages for meal premiums not paid to Plaintiff MILLER in an amount subject to proof at trial.
4. For damages and penalties under Labor Code § 226 for Plaintiff MILLER in the amount of $4,000.
5. For penalties and damages pursuant to Labor Code § 203 for Plaintiff MILLER in an amount of $8,100 and subject to proof at trial.
6. For $750 for failure to allow Plaintiff to inspect or copy records in a timely manner.
7. For restitution and disgorgement for all unfair business practices against Plaintiff MILLER in an amount subject to proof at trial.
8. For prejudgment and post judgment interest.
9. Cost of suit.
10. Attorneys' fees.
11. For such other and further relief as the court may deem proper.

DATED: March 10, 2017        LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff Kim Miller

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED: March 10, 2017        LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff Kim Miller